UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

TRUCK-RAIL HANDLING, INC. and QUALITY TRANSPORT, INC.,

Plaintiffs,

v.

THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY,

Defendant.

03C 3791

DOCKETED JUN 0 5 2003

JUDGE KENNELLY

MAGISTRATE JUDGE SCHENKIER

(N. Dist. Cal. Case No. C 02 2825)
(Judge Jeffrey S. White)

FILED-ED 03 JUN -3 PM 4:15 CLERK U.S. DISTRICT COURT

**DEFENDANT'S EMERGENCY MOTION TO QUASH A THIRD PARTY SUBPOENA IN A CIVIL CASE PENDING IN THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**

Defendant, The Burlington Northern and Santa Fe Railway Company ("BNSF"), through its attorneys Freeborn & Peters, moves to quash Truck-Rail Handling, Inc.'s ("TRH") and Quality Transport, Inc.'s ("QTI") Subpoena to Mr. Robert Krebs, Former Chief Executive Officer of BNSF, which includes a demand for Mr. Krebs' personal appearance, as well as the production of certain documents.

In further support of its motion, BNSF states:

1. BNSF is the defendant in an antitrust case brought by TRH and QTI in the Northern District of California. The case is captioned *Truck-Rail Handling, Inc., and Quality Transport, Inc. v. The Burlington Northern and Santa Fe Railway Company, USDC, Northern District of California C–02-2825 JSW.*

2. Rule 45 provides that "on a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it requires disclosure of privileged or other protected matter . . ." (Fed. Rule Civ. Proc. 45(c)(3)(A)(iii)) (West 2003).

3. On February 26, 2003, Judge White, of the United States District Court, Northern District of California, entered a protective order that, among other things, barred the deposition of BNSF employee, Mr. Robert Krebs. *See* February 26, 2003 Protective Order, attached hereto as Exhibit A and included herein.

4. On May 30, 2003, in violation of Judge White's Protective Order, plaintiffs subpoenaed Mr. Robert Krebs' deposition for June 9, 2003 at 9 a.m. The subpoena also demanded the production of certain documents by June 6, 2003 at 10 a.m. This subpoena was issued by The United States District Court for the Northern District of Illinois. *See* Subpoena, attached hereto as Exhibit B and included herein.

5. Plaintiffs' subpoena for the deposition of Mr. Krebs is an improper attempt to side-step Judge White's existing Protective Order issued in the United States District Court for the Northern District of California; and as a matter of law, unless or until, Judge White lifts this Protective Order, the deposition of Mr. Robert Krebs cannot go forward.

6. Therefore, this subpoena must be quashed pursuant to Rule 45 and Judge White's February 26, 2003 Protective Order because the Protective Order prohibited plaintiffs from taking the deposition of Mr. Krebs.

WHEREFORE, for the foregoing reasons, BNSF respectfully requests that this Court quash the subpoena served on Third-Party, Mr. Robert Krebs.

DATED: June 3, 2003

**THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY,**

By: [signature]
One of Its Attorneys

Jeffery M. Cross
Daniel C. Curth
Ann Hopkins Avery
Freeborn & Peters
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Phone: (312) 360-6000
Fax: (312) 360-6571

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing **Emergency Motion To Quash A Third Party Subpoena In A Civil Case Pending In The United States District Court, Northern District Of California** to be served on Doug Lawrence, counsel for TRH and QTI by facsimile and overnight mail this 3rd day of June, 2003 at the following address:

Doug Lawrence
Alioto Law Firm
555 California Street, 31st Floor
San Francisco, CA 94111
Fax: (415) 434-9200

Ann Hopkins Avery

#539609v2/05215-0117

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TRUCK-RAIL HANDLING, INC.,

Plaintiff,

v.

THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY,

Defendant.

No. C 02-2825 JSW

**ORDER RE DISCOVERY DISPUTES: DEFENDANT'S MOTION FOR A PROTECTIVE ORDER RE APEX DEPOSITIONS; DEFENDANT'S MOTION FOR LEAVE TO FILE ADDITIONAL CONTENTION INTERROGATORIES; AND DEFENDANT'S REQUEST FOR PROTECTIVE ORDER**

By numerous letter briefs submitted to the Court, the parties set forth their respective positions regarding three discovery disputes. The disputes concern (1) defendant's *de facto* motion for a protective order relating to the depositions of defendant's apex employees, (2) defendant's discovery motion for leave to propound contention interrogatories in excess of Rule 33(a) limits, and (3) the entry of a protective order.

Defendant's *de facto* motion for a protective order relating to the depositions of defendant's apex employees is **GRANTED** with respect to defendant's former Chief Executive Officer, Robert Krebs ("Krebs"), and Executive Vice President, Charles Schultz ("Schultz"). While the motion for a protective order is granted without prejudice, the Court will permit plaintiff to take the depositions of Mssrs. Krebs and/or Schultz, only if plaintiff clearly

demonstrates a particularized need to take the depositions and that the information possessed by the deponent(s) is not available from any other source. Having made a sufficient showing of particularized knowledge of Rose, plaintiff's motion for a protective order relating to the deposition of defendant's current Chief Executive Officer, Matt Rose ("Rose"), is **DENIED**. The parties are instructed to observe the requirements of this Court's Civil Deposition Guidelines Order when conducting the deposition of Rose (or any other deponent in this case).

Defendant's motion for leave to propound contention interrogatories in excess of Rule 33(a) limits is **DENIED**. The previously permitted and propounded twenty-five interrogatories is deemed sufficient.

With regard to the parties' dispute over the entry of a protective order, the Court finds that such an order is appropriate in this case and, the parties having failed to stipulate to entry of such an order, the Court will enter, by separate order, a court-approved protective order. If the parties wish to modify or amend the form protective order entered in this matter, the parties shall submit a stipulation indicating the proposed changes. Should a dispute arise concerning the particular designation of specific documents or things, the parties shall exhaust the procedures set forth in the protective order and shall seek a resolution, if necessary, pursuant to this Court's standing order regarding the resolution of discovery disputes. In that connection, this Court will carefully scrutinize any improper designation of documents as confidential pursuant to the protective order.

**IT IS SO ORDERED.**

Dated: February 26, 2003

/s/ Jeffrey S. White
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

# CIVIL MINUTES

**JUDGE: JEFFREY S. WHITE**

**COURTROOM DEPUTY:** Jennifer Ottolini

**DATE:** March 3, 2003

**Court Reporter:** Sahar McVickar

**CASE NO. C-02-2825 JSW**

**TITLE:** Truck-Rail Handling, Inc. v. The Bulington Northern and Santa Fe Railway Company

**COUNSEL FOR PLAINTIFF:**

Joseph M. Alioto
Joseph M. Alioto, Jr.

**COUNSEL FOR DEFENDANT:**

Jeffrey Cross

**PROCEEDINGS: Defendant's Motion to for Clarification of the Court's APEX Deposition Decision and Stay of Deposition of its CEO (Telephonic)**

**RESULTS:** For the reasons set forth in the record, the Court's Order DENYING Protective Order for the Deposition of Matthew Rose is RE-AFFIRMED. Defendant's Request for Stay is DENIED. The Deposition for Matthew Rose is to take place and be completed no later than 3/7/03.

Issued by the

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRUCK-RAIL HANDLING, INC., and QUALITY TRANSPORT, INC.<br>Plaintiffs,<br>v.<br>THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY,<br>Defendant. | COURT FILE NO.: C-02-2825-JSW<br><br>**SUBPOENA IN A CIVIL CASE PENDING IN THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA** |

**TO:**

Robert Krebs

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

Place of testimony: Courtroom:

Date and time:

**X** YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

Place of testimony: Date and time: June 9, 2003, 9 a.m.

Freeborn & Peters
311 South Wacker Drive, Suite 3000
Chicago, IL 60606-6677

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below.

**See attachment to this subpoena.**

Place: Alioto Law Firm
555 California Street, 31st Floor
San Francisco, CA 94111

Date and time: June 6, 2003, 10 a.m.

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE: DATE: May 30, 2003

Attorney for Plaintiffs

Joseph M. Alioto, Jr.
Alioto Law Firm, 555 California Street, 31st Floor; San Francisco, California 94102 (415) 434-8900

**ATTACHMENT**
**TO SUBPOENA IN A CIVIL CASE**

USDC, Northern District of California Case No. C 02-2825 JSW

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents, including but not limited to executive summaries, notes, meetings agendas, presentations, slides, and spreadsheets that refer or relate to: Truck-Rail Handling; Quality Transport; the rationalization of the transload, carload, grain, coal, and/or intermodal networks; any effort, strategy, or tactic by BNSF or any other party to limit, decrease, stabilize or increase the price of transloading, trucking or drayage; or any effort, strategy, or tactic by BNSF or any other party to limit the number of, decrease the number of or increase the density of transload operators, whether for the purpose efficiency, rationalization or any other purpose.

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

TRUCK-RAIL HANDLING, INC. and QUALITY TRANSPORT, INC.

Plaintiffs,

v.

THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY,

Defendant.

03C 3791

(N. Dist. Cal. Case No. C 02 2825)
(Judge Jeffrey S. White)

JUDGE KENNELLY

MAGISTRATE JUDGE SCHENKIER

FILED-ED5
03 JUN -3 PM 4:15
CLERK
U.S. DISTRICT COURT

**NOTICE OF DEFENDANT'S EMERGENCY MOTION TO QUASH THIRD PARTY SUBPOENA IN A CIVIL CASE PENDING IN THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**

DOCKETED
JUN 0 5 2003

TO: Doug Lawrence
Alioto Law Firm
555 California Street, 31st Floor
San Francisco, CA 94111

PLEASE TAKE NOTICE that on ______________________, at __________ we shall appear before the Honorable ___________________________ in courtroom ______ in the United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois, and there present Defendant's Emergency Motion to Quash a Third Party Subpoena In a Civil Case Pending in the United States District Court, Northern District of California, a copy of which is served upon you herewith.

DATED: June 3, 2003

**THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY,**

By: ______________________
One of Its Attorneys

Jeffery M. Cross
Daniel C. Curth
Ann Hopkins Avery
Freeborn & Peters
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Phone: (312) 360-6000
Fax: (312) 360-6571

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2003, I caused a true and correct copy of the foregoing **Notice of Emergency Motion To Quash a Third Party Subpoena in a Civil Case Pending in the United States District Court, Northern District of California** to be served on Doug Lawrence, counsel for TRH and QTI by facsimile and over-night mail this 3rd day of June, 2003 at the following address:

Doug Lawrence
Alioto Law Firm
555 California Street, 31st Floor
San Francisco, CA 94111
Fax: (415) 434-9200

Ann Hopkins Avery

#539844/05215-0117

DOCKETED
JUN 0 5 2003

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet 03C 3791

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

JUDGE KENNELLY

MAGISTRATE JUDGE SCHENKIER

**Plaintiff(s): Truck-Rail Handling, Inc. and Quality Transport, Inc.**

County of Residence:

Plaintiff's Atty: Doug Lawrence
Alioto Law Firm
555 California Street, 31st Floor, San Francisco, CA 94111
(415) 434-8900

**Defendant(s): The Burlington Northern and Santa Fe Railway Company**

County of Residence:

Defendant's Atty: Jeffrey M. Cross, Daniel C. Curth, Ann Hopkins Avery
Freeborn & Peters
311 S. Wacker Drive, Suite 3000, Chicago, IL 60606
(312) 360-6000

II. Basis of Jurisdiction: **3. Federal Question (U.S. not a party)**

FILED-ED5
03 JUN -3 PM 4: 19
CLERK
U.S. DISTRICT COURT

III. Citizenship of Principal Parties **(Diversity Cases Only)**
Plaintiff:- **N/A**
Defendant:- **N/A**

IV. Origin : **1. Original Proceeding**

V. Nature of Suit: **890 Other Statutory Actions**

VI.Cause of Action: **Motion to Quash**

VII. Requested in Complaint
Class Action: **No**
Dollar Demand:
Jury Demand: **No**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

**Signature:** ANN HOPKINS AVERY BKM

**Date:** 6/3/3

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it.



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION



In the Matter of

Truck-Rail Handling, Inc. and Quality Transport, Inc., Plaintiffs v.
The Burlington Northern and Santa Fe Railway Company, Defendant.

03C 3791

Case Number:
United States District Court, Dist. of California, C 02 2825 JSW

JUDGE KENNELLY

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

The Burlington Northern and Santa Fe Railway Company, Defendant

MAGISTRATE JUDGE SCHENKIER

DOCKETED JUN 0 5 2003

FILED-EDS 03 JUN -3 PM 4:16 U.S. DISTRICT COURT

| (A) | | (B) | |
|---|---|---|---|
| SIGNATURE | | SIGNATURE | |
| NAME Jeffrey M. Cross | | NAME Daniel C. Curth | |
| FIRM Freeborn & Peters | | FIRM Freeborn & Peters | |
| STREET ADDRESS 311 S. Wacker Drive, Suite 3000 | | STREET ADDRESS 311 S. Wacker Drive, Suite 3000 | |
| CITY/STATE/ZIP Chicago, IL 60606 | | CITY/STATE/ZIP Chicago, IL 60606 | |
| TELEPHONE NUMBER (312) 360-6000 | FAX NUMBER (312) 360-6597 | TELEPHONE NUMBER (312) 360-6000 | FAX NUMBER (312) 360-6575 |
| E-MAIL ADDRESS jcross@freebornpeters.com | | E-MAIL ADDRESS dcurth@freebornpeters.com | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 0547980 | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6229090 | |
| MEMBER OF TRIAL BAR? | YES ☑ NO ☐ | MEMBER OF TRIAL BAR? | YES ☐ NO ☑ |
| TRIAL ATTORNEY? | YES ☑ NO ☐ | TRIAL ATTORNEY? | YES ☑ NO ☐ |
| | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ NO ☑ |
| (C) | | (D) | |
| SIGNATURE | | SIGNATURE | |
| NAME Ann Hopkins Avery | | NAME | |
| FIRM Freeborn & Peters | | FIRM | |
| STREET ADDRESS 311 S. Wacker Drive, Suite 3000 | | STREET ADDRESS | |
| CITY/STATE/ZIP Chicago, IL 60606 | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER (312) 360-6000 | FAX NUMBER (312) 360-6598 | TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS ahopkinsavery@freebornpeters.com | | E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? | YES ☐ NO ☑ | MEMBER OF TRIAL BAR? | YES ☐ NO ☐ |
| TRIAL ATTORNEY? | YES ☐ NO ☑ | TRIAL ATTORNEY? | YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ NO ☑ | DESIGNATED AS LOCAL COUNSEL? | YES ☐ NO ☐ |